**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────

**CONTI CORSO SCHIFFAHRTS-GMBH & CO. KG NR. 2,**

        Plaintiff,

- against –

**M/V "PINAR KAPTANOGLU", her engines, boilers, tackle, appurtenances, etc. in rem, KAPTANOGLUDENIZCILIK VE TIC. LTD. and HACI ISMAIL KAPTANOGLUSHIP MANAGEMENT AND TRADING CO., LTD.,**

        Defendants.

────────────────────────────────────

**KAPTANOGLUDENIZCILIK VE TIC. LTD. and HACI ISMAIL KAPTANOGLUSHIP MANAGEMENT AND TRADING CO., LTD.,**

        Counterclaim Plaintiffs,

- against –

**M/V "YELLOW SEA", her engines, boilers, tackle appurtenances, etc., in rem, and CONTI CORSO SCHIFFAHRTS-GMBH & CO. KG NR. 2, in personam,**

        Counterclaim Defendants.

────────────────────────────────────

**KAPTANOGLUDENIZCILIK VE TIC. LTD. and HACI ISMAIL KAPTANOGLUSHIP MANAGEMENT AND TRADING CO., LTD.,**

        Third-Party Plaintiffs,

- against –

**The M/V "SIBONATA", V. SHIPS (U.K.) LTD., IMTT-BAYONNE AND/OR INTERNATIONAL-MATEX TANK TERMINALS, and WESTPORT PETROLEUM, INC.,**

        Third-Party Defendants.

────────────────────────────────────

**04 Civ. 1252 (JGK)**

**MEMORANDUM**
**OPINION & ORDER**

**JOHN G. KOELTL, District Judge:**

Defendants/third-party plaintiffs M/V "PINAR KAPTANOGLU," Kaptanogludenizcilik Ve Tic. Ltd., and Haci Ismail Kaptanogluship Management and Trading Co., Ltd. (collectively, the "PK Defendants") move, pursuant to 28 U.S.C. § 1292(b), to have this Court certify an interlocutory appeal from this Court's order denying the motion by the PK Defendants and Conti Corso for summary judgment dismissing the claims of Westport Petroleum, Inc.

The PK Defendants have failed to meet the requirements of § 1292(b). There are no "exceptional circumstances" that warrant a departure from the basic policy of postponing appellate review until after the entry of a final judgment. See In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) (per curiam). In particular, the issues of law are intertwined with the issues of fact that the Court found could not be decided on the motion for summary judgment. Most significantly, an interlocutory appeal would not materially advance the ultimate termination of the litigation. Discovery is nearly complete and the trial in this case should not be extensive. This case will be most materially advanced by trial, which would decide the factual issues identified by the Court. If the PK Defendants succeed at trial, it would moot the issues they attempt to raise in the interlocutory appeal.

The motion is denied.

SO ORDERED.

Dated: New York, New York
March 21, 2006

_____
John G. Koeltl
United States District Judge